WINTHROP DE WOLF, Receiver of the Franklin Institution for Savings, *vs.* A. & W. SPRAGUE MANUFACTURING COMPANY.

A receiver of a bank appointed under Gen. Stat. R. I. cap. 140, may bring suit in his own name for a debt due to the bank.

ASSUMPSIT. On demurrer to a plea in abatement.

*July* 8, 1876. DURFEE, C. J. The question raised by the plaintiff's demurrer to the defendant's plea in abatement is whether the receiver of a bank, appointed under the statute,

Gen. Stat. R. I. cap. 140, is entitled to sue in his own name upon a debt due to the bank. The practice has been for such receivers to sue in their own names, and this practice, so far as we know, has prevailed ever since the first act authorizing their appointment. Numerous actions have been so brought, many of them in this court, and have proceeded to judgment, some of them after being severely contested. *Olney, Receiver,* v. *Chadsey,* 7 R. I. 224; *Hayes, Receiver,* v. *Kenyon,* 7 R. I. 531. A practice of this kind so long continued, so unquestioned, and so fortified by at least the tacit sanction of this court, ought not to be condemned unless it is clearly unauthorized. The statute, Gen. Stat. cap. 140, §§ 46, 47, provides that the receiver " shall collect the debts," and " shall be clothed with all the powers and authority, in respect to the collection of debts due to such corporation, as the corporation possessed, in virtue of its charter or otherwise." We think this language which clothes receivers with powers, not derived from or through the corporation, but directly from the source from which the corporations themselves derive their powers, may be fairly construed to authorize receivers to sue in their own names. We therefore think the writ ought not to be abated on this ground.

We also think the writ is not abatable for any want of fulness in setting forth the character in which the plaintiff sues.

The demurrer to the defendant's plea in abatement is sustained and the plea overruled.                          *Demurrer sustained.*

*Charles Tracy & George M. Carpenter, Jr.,* for plaintiff.

*Charles Hart, Benjamin F. Thurston, James Tillinghast & J. A. Gardner,* for defendant.